UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN MACKEY<br><br>Defendant. | Case No. 1:23-cr-00213-AKB-2<br><br>**REPORT AND RECOMMENDATION** |

On January 4, 2024, Defendant MEGAN MACKEY appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 50). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

**REPORT AND RECOMMENDATION - 1**

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government motioned for Defendant's detention (Dkt. 10), and a subsequent detention hearing was held on August 25, 2023. (Dkt. 23). The government orally withdrew the motion for detention during the hearing, and Defendant was released on conditions. (Dkt. 23, 30). Barring any changes in Defendant's performance on pretrial release, the Government will not seek detention pending sentencing and asks that Defendant remain released on the same conditions. The Government has not offered any information or reason to believe Defendant is an enhanced flight risk or danger to the community.

Although Probation reported multiple instances of Defendant's non-compliance with the conditions of her pre-trial release, they recommend that Defendant remain on release pending sentencing. (Dkt. 59). The Court agreed with Probation's recommendation and Ordered Defendant remain on pretrial release. Defendant is currently enrolled in substance abuse treatment, medicated assisted treatment program, and mental health counseling. Defendant has also earned her cosmetology license in order to become a licensed nail technician and is working towards obtaining stable

**REPORT AND RECOMMENDATION - 2**

employment.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of Defendant's substance abuse and mental health treatment that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant MEGAN MACKEY's plea of guilty to Count ONE of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant MEGAN MACKEY's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement (Dkt. 50).

4) The District Court continue Defendant MEGAN MACKEY's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 30).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal

**REPORT AND RECOMMENDATION - 3**

objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 4, 2024

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 4**